Exhibit F

|        |                                                                                                                                                    |
|--------|----------------------------------------------------------------------------------------------------------------------------------------------------|
| From:  | Ying Ding                                                                                                                                          |
| To:    | Ehrlich, Philip H.; Einhorn, Eric L.                                                                                                               |
| Cc:    | dongxiao.feng; Bin Hu Karg; Carickhoff, Jr., David W.; Brady, Erin; Bellack, Adam W.; Taylor, Cullen G.; Bryant, Chris; 杨益天 |
| Subject: | RE: Achaogen - License Agreement                                                                                                                 |
| Date:  | Tuesday, June 18, 2019 5:21:11 PM                                                                                                                  |

All,

Qilu had a chance to review Cipla's comments to the license agreement and was shocked by Cipla's extensive markup.  Changes made by Cipla have greatly deviated from the draft provided by Achaogen and have drastically taken back what was offered for sale by Achaogen.  To name a few without being exhaustive, Cipla has denied Qilu:

- a perpetual license
- the right to sublicense
- the right of reference to licensor regulatory documentation
- the Chinese trademarks
- the ownership of inventions developed by Qilu

Qilu entered into the auction in reliance on the form license agreement provided by Achaogen and trusted what had been offered by Achaogen would be honored.  Cilpla shouldn't be allowed to alter the fundamentals of the deal and rewrite everything as if it was the licensor.   In connection with this, there are a few things we would like to set straight at the outset:

1. Cipla does not have a global right with respect to ZEMDRI.  At the auction, Cipla bid for the ex-China right with Altamont, instead of the global right.  There is a fundamental difference between a case where it got a whole pie and carved out a slice to us and a case where it only got part of a pie and never touched the rest.  Qilu's Greater China right comes from Achaogen, not from Cipla. Even though Achaogen eventually will assign the license agreement to Cipla, Cipla is an assignee who doesn't have the right to control what should be given to Qilu.

2. Also because of the above, Qilu, as the winner of Greater China right, and Cipla, as the winner of ex-Greater China right, should hold similar rights in their respective territories.  Even though the title of the IP is with Cipla, substantial rights under such IP should be vested in Qilu to allow it to operate freely in Greater China and to get the benefit of the deal.

3. Based on what happened last week with respect to filing auction notice with the court and what happens now with respect to the license agreement, we are very concerned that not all parties are acting in good faith and working toward closing the deal.  We hereby bring this issue to Achaogen's attention, and if necessary, will bring this up to creditors and even the court.

We are open to your proposal as to how to proceed with the negotiation.  But currently, it is not Qilu that is holding this back.  To move forward, Achaogen should first bring Cipla to ground zero.  Unless things are set straight with Cipla, any further talk at this moment will not be fruitful.

Best regards

Ying Ding
Of Counsel

**Zheng & Karg LLP**
5201 Great America Pkwy., Suite 320
Santa Clara, California 95054
Phone: 646-378-2055
Mobile: 201-674-7115
Email:  yding@zhengkarg.com
http://www.zhengkarg.com

This e-mail message may contain confidential or legally privileged information and is intended only for the use of the intended recipient(s).

---

**From:** Ehrlich, Philip H. <philip.ehrlich@hoganlovells.com>
**Sent:** Monday, June 17, 2019 3:50 PM
**To:** Einhorn, Eric L. <eric.einhorn@hoganlovells.com>
**Cc:** Ying Ding <yding@zhengkarg.com>; dongxiao.feng <dongxiao.feng@qilu-pharma.com>; Bin Hu Karg <bhkarg@zhengkarg.com>; Carickhoff, Jr., David W. <dcarickhoff@archerlaw.com>; Brady, Erin <erin.brady@hoganlovells.com>; Bellack, Adam W. <adam.bellack@hoganlovells.com>; Taylor, Cullen G. <cullen.taylor@hoganlovells.com>; Bryant, Chris <chris.bryant@hoganlovells.com>
**Subject:** Re: Achaogen - License Agreement


Please note that the comments from Cipla remain subject to the review and comments of Hogan Lovells and Achaogen.

Sent from my iPhone

On Jun 17, 2019, at 6:47 PM, Einhorn, Eric L. <eric.einhorn@hoganlovells.com> wrote:

> All,
>
> Attached please find a clean draft of the license agreement (as received from Cipla) along with a redline against Qilu's prior (bid) draft.  Please note that the attached represents Cipla's comments to the license agreement.  We will separately be sending some comments on the bankruptcy-related provisions later tonight.
>
> As such, can we get on a call tomorrow morning (NY time) to discuss the process of bringing this document to completion?

Best,
Eric

### Eric Einhorn
Associate

**Hogan Lovells US LLP**
390 Madison Avenue
New York, NY 10017
Tel:     +1 212 918 3000
Direct:  +1 212 918 5707
Fax:     +1 212 918 3100
Email:   eric.einhorn@hoganlovells.com
         www.hoganlovells.com

<ACHAOGEN LICENSE AGREEMENT - CIPLA redline - June 17, 2019.pdf>

<ACHAOGEN-QILU LICENSE AGREEMENT -CLEAN - CIPLA June 17 2019.docx>

---

**About Hogan Lovells**
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.