# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Achaogen, Inc.,<br><br>      Debtor. | Chapter 11<br><br>Case No. 19-10844 (BLS) |
| Edward E. Neiger, not individually but as Plan Trustee of the Achaogen Plan Trust,<br><br>      Plaintiff,<br><br>v.<br><br>Cipla USA Inc.,<br><br>      Defendant. | Adversary No. 21-50479 (BLS)<br><br>**Re: Docket Nos. 1, 2** |

## MOTION OF ACHAOGEN PLAN TRUSTEE
## FOR AN ORDER TO FILE COMPLAINT UNDER SEAL

   NOW COMES Edward E. Neiger, Achaogen Plan Trustee ("Trustee" or "Plaintiff"), by and through counsel, and files this motion (the "Motion to Seal"), seeking entry of an order substantially in the form annexed hereto as Exhibit 1 (the "Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Trustee to file under seal portions of its *Adversary Complaint for Damages* (the "Complaint"). In support of this Motion to Seal, the Trustee respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

2. By this Motion to Seal, the Trustee seeks entry of an order substantially in the form annexed hereto as Exhibit 1, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, authorizing the Trustee to file its complaint under seal.

## BASIS FOR RELIEF

3. The Bankruptcy Code, Bankruptcy Rules and Local Rules authorize the Court to limit the disclosure of certain confidential information to protect entities from potential harm. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1). Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

4. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b), providing that

> [o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information

Fed. R. Bankr. P. 9018.

2
61299/0003-40866027v1

5. Further, Local Rule 9018-1(d) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(d).

6. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *accord In re Alterra Healthcare Corp.*, 353 B.R. 66, 75-76 (Bankr. D. Del. 2006) (citing *Orion Pictures*); *In re Altegrity, Inc.*, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated exception, the Court must grant the requested relief (or such other relief that protects the moving party.")

7. The Complaint contains certain information that has been designated confidential or arguably could be considered confidential, in connection with the purchase of certain of the Debtor's assets during this bankruptcy case (the "Confidential Information"). The Confidential Information is comprised of opening bid packages submitted by the defendant, Cipla USA, Inc. ("Cipla") (Exhibit C to the Complaint), and a third-party bidder, Qilu Antibiotics Pharmaceutical Co., Ltd. ("Qilu") (Exhibit D to the Complaint), in connection with an auction held in the above-captioned case, as well as a confidentiality agreement between the Debtor and Cipla (Exhibit P) which was prepared in connection with Cipla's due diligence and designated as confidential at the time of execution.

8. The Trustee requests authority to redact the few allegations in the Complaint reciting Confidential Information (*see paras. 25, 71*), and to place under seal the entirety of Exhibits C, D and P to the Complaint.

9. To be clear, the Trustee, on behalf of the Debtor, waives any right to confidentiality the Debtor may own with respect to the Confidential Information, and reserves the right to challenge the confidential nature of the Confidential Information or to later seek authority to unseal the Confidential Information. Nevertheless, at the outset of this proceeding the Trustee is filing this Motion to Seal in order to protect whatever right to confidentiality Cipla and Qilu may possess as to this information.

10. In accordance with Local Rule 9018-1(d), the Trustee certifies that his counsel has corresponded with counsel for each of Cipla and Qilu, as holders of confidentiality rights. As of this filing, the Trustee is unable to determine their respective positions on confidentiality and this Motion to Seal.

11. The Trustee has or will imminently share unredacted versions of the Complaint with the Court, the Office of the United States Trustee for the District of Delaware, counsel to Cipla and counsel to Qilu.

## NOTICE

12. Notice of this Motion to Seal shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtor; (c) counsel to the Defendant and (d) counsel to Qilu. The Trustee submits that no other or further notice need be provided.

## NO PRIOR REQUEST

13. No prior motion for the relief requested herein has been made to this or any other court.

4
61299/0003-40866027v1

WHEREFORE, for the reasons set forth herein, Edward E. Neiger, as Achaogen Plan Trustee, respectfully requests entry of an order, substantially in the form annexed hereto as Exhibit 1, granting the relief requested in this Motion to Seal and granting such other and further relief as is appropriate under the circumstances.

DATED: June 2, 2021

**COLE SCHOTZ P.C.**

*/s/ Andrew John Roth-Moore*
Justin R. Alberto (No. 5126)
Andrew John Roth-Moore (No. 5988)
500 Delaware Ave., Ste. 1410
Wilmington DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
Email: jalberto@coleschotz.com
aroth-moore@coleschotz.com

-and-

**ASK LLP**
Nicholas C. Brown, NC SBN 038054
(admitted pro hac vice)
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone: (651) 289-3846
Facsimile: (651) 406-9676
Email: nbrown@askllp.com

*Counsel for Edward E. Neiger, in his Capacity as Trustee of the Achaogen Plan Trust*

# Exhibit 1

**Proposed Order**