# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Achaogen, Inc., | Case No. 19-10844 (BLS) |
| Debtor.[1] | |
| Edward E. Neiger, not individually but as Plan Trustee of the Achaogen Plan Trust, | Adv. Pro. No. 21-50479 (BLS) |
| Plaintiff | |
| v. | |
| Cipla USA Inc., | |
| Defendant. | |

**PLAINTIFF'S MOTION TO STRIKE PORTIONS OF THE REPLY OR, ALTERNATIVELY, FOR LEAVE TO FILE SUR-REPLY TO THE REPLY BRIEF IN SUPPORT OF CIPLA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Justin R. Alberto (No. 5126)
Andrew Roth-Moore (No. 5988)
COLE SCHOTZ P.C.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Email: jalberto@coleschotz.com
       aroth-moore@coleschotz.com

Nicholas C. Brown, Esq. (admitted *pro hac vice*)
ASK LLP
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone: (651) 289-3846
Fax: (651) 406-9676
Email: nbrown@askllp.com

*Counsel for Edward E. Neiger, in his capacity as Plan Trustee of the Achaogen Plan Trust*

Dated: April 17, 2024
Wilmington, Delaware

---

[1] The last four digits of Achaogen's federal tax identification number are 3693. The last four digits of the Achaogen Plan Trust's tax identification number are 4172.

1

Edward E. Neiger, in his capacity as Plan Trustee ("Trustee" or "Plaintiff") of the Achaogen Plan Trust, hereby moves this Court (the "Motion") to strike new arguments raised for the first time in the *Reply Brief in Support of Cipla's Motion for Partial Summary Judgment as to Liability*[2] (the "Reply") filed by Cipla USA Inc. ("Defendant" or "Cipla") or, alternatively, for leave to file the sur-reply attached hereto as **Exhibit A** (the "Sur-Reply") in opposition to the *Motion for Partial Summary Judgment as to Liability* and supporting memorandum of law (the "Motion for Partial Summary Judgment")[3] and Reply and in support of the *Plaintiff's Memorandum of Law in Opposition to Motion for Partial Summary Judgment as to Liability Filed by Cipla USA Inc*. (the "Response"). In support of his Motion, the Trustee hereby respectfully states as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein is section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Local Rule 7007-2(b) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules").

4. Plaintiff consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot

---

[2] Adv. Docket No. 44.

[3] Adv. Docket Nos. 38, 39.

enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

5.     On January 16, 2024, the Court entered the *Stipulation and Revised Scheduling Order* (the "Scheduling Order"), providing for, *inter alia*, the opportunity for Cipla to file a motion for partial summary judgment solely with respect to whether the Bidding Procedures Order, applicable agreements and/or Sale Order operate to limit the amount of damages to which Plaintiff is entitled in this Adversary Proceeding.[4]

6.     On February 15, 2024, Cipla filed its Motion for Partial Summary Judgment.

7.     On March 15, 2024, Plaintiff filed his Response.

8.     On April 8, 2024, Cipla filed its Reply.

9.     The Reply presents arguments concerning the application of liquidated damages clauses upon Plaintiff's available damages in this proceeding which were not raised in the Motion, and in addition, raises a new theory for barring certain of Plaintiff's claims.

## RELIEF REQUESTED

10.    The Trustee respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit B**, striking the new arguments raised for the first time in the Reply or, alternatively, granting him leave to file the Sur-Reply.

11.    Local Rule 7007-2 is made applicable to contested matters in a main bankruptcy case by the Court's *General Chambers Procedures*, which states that "[a]ll briefs and memoranda (in main bankruptcy cases and in adversary proceedings) must comply with Del. Bankr. LR 7007-

---

[4] Adv. Docket No. 37.

2." *General Chambers Procedures* at 3 (Mar. 26, 2018), http://www.deb.uscourts.gov/sites/default/files/generalinformation/general_procedures%20NEW-2.pdf.

12. Local Rule 7007-2(b)(ii) provides that "[t]he party filing the opening brief shall not reserve material for the reply brief that should have been included in a full and fair opening brief." Where a moving party raises a new argument, issue or material for the first time on reply, the new argument, issue or material is deemed waived and it is appropriate to strike the offending portions of the reply. *See In re Catholic Diocese of Wilmington, Inc.*, 437 B.R. 488, 492 n.19 (Bankr. D. Del. 2010) (finding that because the defendants raised the offending issue for the first time in the reply brief, the Court did not consider the issue); *Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1993) ("An issue is waived unless a party raises it in its opening brief … ."); In re Cruz, 2020 WL 3167799, at *2 (Bankr. S.D. Tex. June 12, 2020) (finding that the movant's motion to strike arguments raised for the first time in a reply brief was a proper procedural vehicle).

13. Alternatively, "[a] Court may grant leave to file a sur-reply if it responds to new evidence, facts, or arguments." *St. Clair Intellectual Prop. Consultants v. Samsung Elecs. Co. Ltd.*, 291 F.R.D. 75, 80 (D. Del. 2013) (citing *Belden Techs., Inc. v. LS Corp.*, 2010 U.S. Dist. LEXIS 70424, at *3 (D. Del. July 14, 2010); *Walsh v. Irvin Stern's Costumes*, 2006 U.S. Dist. LEXIS 2120, at *37 (E.D. Pa. Jan. 19, 2006)).

14. Moreover, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

15. Consistent with this Court's broad equitable powers, Plaintiff respectfully submits that cause exists to strike the new arguments raised for the first time in the Reply.

16. By Cipla's own agreement, the scope of its partial motion for summary judgment is limited to the operation of certain clauses in the Bidding Procedures, Cipla Sale Order, or other applicable agreements on the amount of Plaintiff's available damages.[5] Plaintiff argued merely that the liquidated damages clauses do not apply to his tort claims. Cipla now argues for the first time in its Reply that Plaintiff's claims for tortious interference are prohibited by operation of the economic loss rule. Raising this argument at this juncture in the briefing does not allow Plaintiff an adequate opportunity to respond and is at odds with the agreed scope of the Motion as set forth in the Scheduling Order. Moreover, this Court has already denied Cipla's motion to dismiss the same claims.[6]

17. In the alternative, the Trustee respectfully requests that the Court grant him leave to respond to the Insurers' new legal arguments raised for the first time in the Reply by means of a sur-reply. In applying a rule similar to the Local Rule 7007-2(b)(ii), the Delaware District Court has noted that "[t]his provision exists, in part, to prevent litigants from engaging in impermissible 'sandbagging,' reserving crucial arguments for a reply brief to which an opponent cannot respond." *Fifth Market, Inc. v. CME Group, Inc.*, 2013 WL 3063461, at *1 n.2 (D. Del. June 19, 2013) (exercising its discretion to grant defendants' alternative motion to file a sur-reply rather than strike the reply brief). "[P]ermission for leave to file a sur-reply is a matter committed to the District Court's sound discretion … ." *Levey v. Brownstone Inv. Group, LLC*, 590 F. App'x 132, 137 (3d Cir. 2014) (internal quotations omitted).

---

[5] *Stipulation and Revised Scheduling Order*, ¶ 1 ("Defendant shall have thirty (30) days . . . in which to file a motion for partial summary judgment and/or declaratory relief (the "Motion") solely with respect to whether the Bidding Procedures Order, applicable agreements and/or Sale Order operate to limit the amount of damages to which Plaintiff is entitled in this Adversary Proceeding.

[6] Docket No. 893.

18. There can be no dispute here the Defendant presented additional, material arguments to which Plaintiff did not previously have the opportunity to respond. Further, Plaintiff submits that the Sur-Reply is narrowly tailored to respond to arguments first set forth in the Reply. Plaintiff submits that no party will be prejudiced by the filing of the Sur-Reply. No hearing has yet to be scheduled in this matter.

19. Accordingly, Plaintiff believes that there is cause to grant leave to file the Sur-Reply.

WHEREFORE, Plaintiff respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit B**, striking the new arguments raised in the Reply or, alternatively, granting Plaintiff leave to file the Sur-Reply, and such other and further relief as the Court deems just and proper.

| | |
|---|---|
| April 17, 2024<br>Wilmington, Delaware | **COLE SCHOTZ P.C.**<br><br>By: /s/ *Justin R. Alberto*<br>Justin R. Alberto, Esq. (No. 5126)<br>Andrew Roth-Moore, Esq. (No. 5988)<br>Cole Schotz P.C.<br>500 Delaware Avenue, Suite 1410<br>Wilmington, Delaware 19801<br>Telephone: (302) 652-3131<br>Email: jalberto@coleschotz.com<br>　　　　aroth-moore@coleschotz.com<br><br>-and-<br><br>Nicholas C. Brown, Esq., NC SBN 38054<br>ASK LLP<br>2600 Eagan Woods Drive, Suite 400<br>St. Paul, MN 55121<br>Telephone: (877) 746-4275<br>Fax: (651) 406-9676<br>Email: nbrown@askllp.com<br><br>-and-<br><br>Edward E. Neiger, Esq.<br>ASK LLP<br>60 East 42nd Street, 46th Fl.<br>New York, New York 10165<br>Telephone: (212) 267-7342<br>Fax: (212) 918-3427<br><br>*Counsel for Edward E. Neiger, in his Capacity as Plan Trustee of the Achaogen Plan Trust* |